Graham B. LippSmith, SBN 221984
glippsmith@klwtlaw.com
Jaclyn L. Anderson, SBN 258609
janderson@klwtlaw.com
**KASDAN LIPPSMITH WEBER TURNER LLP**
500 S. Grand Ave., Suite 1310
Los Angeles, CA 90071
Tel: (213) 254-4800
Fax: (213) 254-4801

Attorneys for Plaintiff and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN CRUMP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; EXPERIAN HOLDINGS, INC.; EXPERIAN NORTH AMERICA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  2:15-cv-8463<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br>2. **BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**<br>3. **BREACH OF IMPLIED CONTRACT**<br>4. **BREACH OF FIDUCIARY DUTY**<br>5. **INTENTIONAL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br>6. **NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br>7. **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**<br>8. **VIOLATION OF THE CALIFORNIA CONSUMER RECORDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff GWENDOLYN CRUMP ("Plaintiff"), individually and on behalf of the proposed class described below, bring this action for injunctive relief, and actual and statutory damages against Defendants Experian Information Solutions, Inc., Experian Holdings, Inc., and Experian North America, Inc. (collectively, "Experian"), inclusive, and allege the following on information and belief:

## THE PARTIES

1. Plaintiff is a citizen and current resident of Los Angeles County, California.

2. Defendant Experian Information Solutions, Inc. is an Ohio Corporation with its principal place of business located at 457 Anton Boulevard, Costa Mesa, California 92626, and is the wholly owned subsidiary of Defendant Experian Holdings, Inc. Defendant Experian Holdings, Inc. is the wholly owned subsidiary of Experian North America, Inc.

3. The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

4. Experian and DOES 1 through 50 are collectively referred to herein as "Defendants."

5. At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator, and/or joint venturer of each of the other Defendants herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to Plaintiff. Each of Defendants 1 through 50 is responsible, legally, negligently or in some other actionable manner, for the events and happenings

hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff and the Classes as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants or employees or in some other manner.

6. There exists and, at all times herein mentioned there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased, and these Defendants are the alter egos of the other certain Defendants and exerted control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or promote injustice.

7. At all times herein mentioned, Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, formulating, testing, producing, processing, assembling, inspecting, compiling, analyzing, selling and/or advertising for sale data management products and services. As such, each Defendant is individually, as well as jointly and severally, liable to Plaintiff for Plaintiff's damages.

8. At all times herein mentioned, the officers and/or directors of Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew, or with the exercise of reasonable care and diligence should have known, of the hazards and dangerous propensities of said products, and thereby actively participated in the tortious conduct that resulted in Plaintiff's injuries.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over all claims in this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2) because

1  Plaintiffs bring class claims on behalf of citizens of states different than
2  Defendants' states of citizenship, the amount in controversy exceeds $ 5 million,
3  and the proposed class includes in excess of 100 members.
4      10.   This Court also has subject matter jurisdiction over the federal claim
5  in this action pursuant to 28 U.S.C. § 1331.
6      11.   This Court has personal jurisdiction over Defendants because they are
7  headquartered in California and the relevant conduct occurred in California.
8      12.   Venue is proper in this District under 18 U.S.C. § 1391 because
9  Defendants are located in California and a substantial part of the events and
10 omissions giving rise to Plaintiffs' claims occurred in California.

## CLASS ACTION ALLEGATIONS

13.   Plaintiff brings this case as a nationwide class action pursuant to FRCP Rule 23 on behalf of a class defined as follows ("Nationwide Class"):

> All persons residing in the United States who were customers or potential customers of T-Mobile USA, Inc. and for whom Experian performed a credit check for service or device financing from September 1, 2013, through September 16, 2015.

14.   Alternatively, Plaintiff brings this case as a California class action pursuant to FRCP Rule 23 on behalf of a class defined as follows ("California Class"):

> All persons residing in California who were customers or potential customers of T-Mobile USA, Inc. and for whom Experian performed a credit check for service or device financing from September 1, 2013, through September 16, 2015.

///

15. The alternative Nationwide Class and California Class are jointly referred to herein as "the Classes." Members of the Classes are referred to herein as "Class Members."

16. Plaintiff specifically excludes from the Classes all Defendants, Defendants' subsidiaries or affiliates, entities in which any Defendant has a controlling interest and any and all of Defendants' employees, affiliates, legal representatives, successors or assignees. Plaintiff also excludes from the Classes any judicial officers assigned to this case and their immediate family members.

17. Plaintiff brings this action on behalf of herself and on behalf of the Classes, which are comprised of members identified by the class definitions.

18. The members of the Classes are so numerous that their joinder would be impracticable, and disposition of their claims in a class action rather than in individual actions would benefit the parties and the courts.

19. Reasonably available means of identifying class members (at the appropriate time following class certification) exist.

20. There is a well-defined community of interest amongst the members of the Classes in the questions of law. Questions of fact and law predominate and include but are not limited to the following:

- Whether Defendants negligently failed to implement and maintain commercially reasonable procedures to ensure the security of PII belonging to the Classes;
- Whether Defendants, after discovering the data breach, negligently failed to take steps to: (i) promptly notify the Class Members; and (ii) protect Class Members in a timely manner;
- Whether Defendants owed fiduciary obligations to the Class Members and whether those fiduciary obligations were breached as a result of the Defendants' actions and inactions;

///

- Whether Defendants should be required to pay damages for compromising Class Members' PII; and
- Whether Defendants should be required to pay for the reasonable cost of credit monitoring services

21. The named Plaintiff's claims are typical of those of the Classes.

22. The named Plaintiff can fairly and adequately represent the Classes because she is a Class Member, has claims that are typical of the Classes, and there is no reason why she cannot adequately represent the Classes.

23. Counsel for Plaintiff are competent, qualified and experienced in large class actions, multiparty complex cases and construction defect cases, and there is no reason why they cannot adequately represent the Classes.

24. Joinder of the unnamed Class Members on an individual basis would be impracticable in light of their number and their locations throughout the State of California.

25. There is no plain, speedy, or adequate remedy other than by maintenance of the Classes since the damage to each victim is relatively small, making it economically infeasible to pursue lawful remedies other than by a class action. The Classes would be superior to individualized actions for the fair and efficient adjudication of this controversy.

26. There are no predominately unique or individualized defenses anticipated in this action that might be asserted against plaintiff individually, as distinguished from the Classes.

27. Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to the Classes. This action will result in the enforcement of important rights supported by strong public policy affecting the public interest, conferring a significant benefit to the general public and a large class of persons.

**FACTUAL ALLEGATIONS**

28. Experian purports to be an "acknowledged leader and innovator" in the fields of data breach prevention and resolution. In its own words, Experian provides "multiple levels of data breach protection" and "helps businesses of all sizes manage the risk of fines, customer loss, negative press and litigation due to a breach of data." The company maintains a blog that goes to great lengths to inform potential clients of the dangers presented by the growing threat of large-scale data breaches and to stress the need to take "proactive steps to prevent data breaches and aggressively implement data breach response plans."

29. The common sentiment that runs through all of these representations is that consumers and businesses can feel secure knowing that their PII is in the care of Experian.

30. On October 1, 2015, Experian issued a press release notifying Class Members including Plaintiff that one of its business units had suffered a massive data breach of one of its servers. The server contained the PII of approximately 15 million consumers nationwide. The stolen PII included but was not limited to Class Members' names, addresses, birth dates, and identifying information, including Social Security, driver's license, and passport numbers.

31. The stolen information belonged to individuals who applied for T-Mobile USA services between September 1, 2013, and September 16, 2015. Plaintiff was one of these affected individuals. Experian acquired the PII because it processed T-Mobile's credit applications.

32. Experian had a duty to implement and maintain commercially reasonable procedures to ensure the security of the PII with which it was entrusted. Experian breached this duty, allowing the PII belonging to the Class to fall into the hands of unknown individuals and/or entities.

33. Stolen PII is traded on underground networks commonly known as "Cyber Black Markets." Criminals acquire this information to perpetrate fraud and

7
COMPLAINT AND DEMAND FOR JURY TRIAL

other crimes. Class Members' PII may be used to access legitimate accounts and open fraudulent new ones. The damage caused by such activities, to an individual's finances, credit, and reputation, can be profound and difficult to repair. Consequently, Class Members whose PII has been compromised must remain vigilant and take affirmative and often costly steps to guard against fraudulent activity for the rest of their lives. The cost of such vigilance, in time and money, is considerable.

## FIRST CAUSE OF ACTION

### Negligence

### (Against All Defendants)

34. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

35. Plaintiff brings this claim individually and on behalf of the Class Members.

36. Defendants owed a duty to Plaintiff and the Class Members to exercise reasonable care in safeguarding, securing and protecting Plaintiff and the Class Members' PII from, among other failures, being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

37. Defendants also owed a duty to Plaintiff and the Class Members to timely disclose that Plaintiff and the Class Members' PII within their possession might have been compromised and precisely the types of information that were compromised.

38. Defendants also owed a duty to Plaintiff and the Class Members to have commercially reasonable procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff and the Class Members' PII.

///

///

1  39. Defendants, through their actions and/or omissions, failed to exercise
2 reasonable care and breached each and every one of their duties owed to Plaintiff
3 and the Class Members.
4  40. Defendants' breaches of duties owed to Plaintiff and the Class
5 Members proximately caused Plaintiff and the Class Members' past and future
6 injuries.
7  41. Defendants' breaches of duties owed to Plaintiff and the Class
8 Members directly caused Plaintiff and the Class Members' past and future injuries.
9  42. Plaintiff and the Class Members suffered actual past injuries,
10 including economic injuries, and will suffer future injuries as a result of
11 Defendants' negligence.
12  43. Defendants were guilty of oppression, fraud and/or malice, in that
13 Defendants acted and/or failed to act with a willful and conscious disregard of the
14 rights of Plaintiff and the Class Members. Plaintiff and the Class Members
15 therefore seek punitive damages on behalf of themselves and the Classes.
16
17 **SECOND CAUSE OF ACTION**
18 **Breach of Third-Party Beneficiary Contract**
19 **(Against All Defendants)**
20  44. Plaintiff incorporates all previous factual allegations as if fully set
21 forth herein.
22  45. Defendants and T-Mobile US, Inc. and/or other T-Mobile entities
23 entered into a valid and binding contractual relationship(s) with Defendants in
24 which Defendants offered to take on and took on duties to, among other
25 obligations, reasonably safeguard Plaintiff and Class Members' sensitive and non-
26 public PII and process such information in a manner so as not to permit third
27 parties to access it.
28 ///

46.  Defendants' said contractual relationship(s) with T-Mobile US, Inc. and/or other T-Mobile entities were intended for Plaintiff and the Class Members' benefit.

47.  Defendants breached the contracts with T-Mobile US, Inc. and/or other T-Mobile entities.

48.  Plaintiff and the Class Members suffered actual past injuries, including economic injuries, and will suffer future injuries as a direct and proximate result of Defendants breach of the third-party beneficiary contract.

49.  Defendants were guilty of oppression, fraud and/or malice, in that Defendants acted and/or failed to act with a willful and conscious disregard of the rights of Plaintiff and the Class Members. Plaintiff and the Class Members therefore seek punitive damages on behalf of themselves and the Classes.

## THIRD CAUSE OF ACTION
## Breach of Implied Contract
## (Against All Defendants)

50.  Plaintiff incorporates all previous factual allegations as if fully set forth herein.

51.  Defendants offered to and took on duties to, among other obligations, reasonably safeguard Plaintiff and Class Members' sensitive and non-public PII.

52.  By providing their sensitive and non-public PII, Plaintiff and the Class Members accepted Defendants' offer.

53.  Defendants, Plaintiff and the Class Members entered into implied contracts with Defendants whereby Defendants offered to take on and took on duties to, among other obligations, reasonably safeguard Plaintiff and Class Members' sensitive and non-public PII and process such information in a manner so as not to permit third parties to access it.

///

54. Defendants, Plaintiff and the Class Members mutually intended to be bound by their implied contract.

55. There was consideration for the implied contract between Defendants, Plaintiff and the Class Members, including but not limited to Defendants' receipt of payments for their services and Plaintiff and the Class Members' application and consideration for mobile services.

56. Defendants breached the implied contracts with Plaintiff and Class Members.

57. Plaintiff and the Class Members suffered actual past injuries, including economic injuries, and will suffer future injuries as a direct and proximate result of Defendants breach of the implied contract.

58. Defendants were guilty of oppression, fraud and/or malice, in that Defendants acted and/or failed to act with a willful and conscious disregard of the rights of Plaintiff and the Class Members. Plaintiff and the Class Members therefore seek punitive damages on behalf of themselves and the Classes.

## FOURTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against All Defendants)

59. Plaintiff incorporates all previous factual allegations as if fully set forth herein.

60. In the operation of its business, Defendants regularly receive and store large quantities of PII of customers and potential customers of T-Mobile, including Plaintiff and the Classes. The kind information collected is of such a sensitive and confidential nature that laws exist to regulate the manner in which it is collected, retained and protected against unauthorized disclosure.

61. By virtue of its collection of PII, Defendants became subject to a fiduciary duty to safeguard the PII of Plaintiff and the Classes, to warn Plaintiff

1 and the Classes when data breaches are known to have occurred and/or when data
2 vulnerability is in question.

3     62. Defendants breached their fiduciary duty to Plaintiff and the Classes
4 by failing to maintain adequate privacy and security practices and by failing to
5 adequately notify Plaintiff and the Classes when the data breach was suspected and
6 known, *inter alia*.

7     63. Defendants acted in conscious disregard of statutory requirements,
8 standard industry practices, and technology available to safeguard PII and, in so
9 doing, knowingly exposed Plaintiff and the Classes to an unreasonable risk of
10 harm.

11     64. As a result of Defendants' breaches of fiduciary duty, Plaintiff and the
12 Classes have suffered actual and prospective damages, future damages, financial
13 losses and other damages to be proven at the time of trial.

### FIFTH CAUSE OF ACTION
### Intentional Violations of the Fair Credit Reporting Act
### (Against All Defendants)

18     65. Plaintiff incorporates all previous factual allegations as if fully set
19 forth herein.

20     66. Among other duties imposed on credit reporting agencies, the Fair
21 Credit Reporting Act ("FCRA") requires that consumer reporting agencies
22 properly gather, maintain, use, dispose of and transfer consumer information. 15
23 USC § 1681w; 16 CFR. § 682, *et. seq.*

24     67. Defendants were and continue to be consumer reporting agencies
25 under the FCRA.

26     68. Defendants were required to take reasonable measures to protect
27 against unauthorized access while gathering, maintaining, using, disposing of and
28 transferring Plaintiff and the Class Members' consumer information.

1    69.    Defendants' misconduct amounted to an intentional and/or reckless
2 violation of the FCRA.
3    70.    Plaintiff and the Class Members suffered actual past injuries,
4 including economic injuries, and will suffer future injuries as a direct and
5 proximate result of Defendants' violations of the FCRA.
6    71.    Defendants were guilty of oppression, fraud and/or malice, in that
7 Defendants acted and/or failed to act with a willful and conscious disregard of the
8 rights of Plaintiff and the Class Members.  Plaintiff and the Class Members
9 therefore seek punitive damages on behalf of themselves and the Classes.

## SIXTH CAUSE OF ACTION
## Negligent Violations of the Fair Credit Reporting Act
## (Against All Defendants)

14    72.    Plaintiff incorporates all previous factual allegations as if fully set
15 forth herein.
16    73.    Defendants were and continue to be consumer reporting agencies
17 under the FCRA.
18    74.    Defendants were required to take reasonable measures to protect
19 against unauthorized access while gathering, maintaining, using, disposing of and
20 transferring Plaintiff and the Class Members' consumer information.
21    75.    Defendants' misconduct amounted to a negligent and/or reckless
22 violation of the FCRA.
23    76.    Plaintiff and the Class Members suffered actual past injuries,
24 including economic injuries, and will suffer future injuries as a direct and
25 proximate result of Defendants' violations of the FCRA.
26    77.    Defendants were guilty of oppression, fraud and/or malice, in that
27 Defendants acted and/or failed to act with a willful and conscious disregard of the
28

rights of Plaintiff and the Class Members. Plaintiff and the Class Members therefore seek punitive damages on behalf of themselves and the Classes.

## SEVENTH CAUSE OF ACTION
## Violations of the California Unfair Competition Law
## Cal. Bus. & Prof. Code § 17200, *et seq.*
## (Against All Defendants)

78. Plaintiff incorporates all previous factual allegations as if fully set forth herein.

79. Defendants' misconduct constitutes unfair, unlawful and fraudulent business practices within the meaning of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL").

80. Defendants' misconduct violated several laws alleged and therefore violated the UCL. At a minimum, Defendants violated the FCRA and Cal. Civ. Code § 1798.80, *et seq*.

81. Defendants' statements concerning its abilities to properly gather, maintain, use, dispose of and transfer Plaintiff and the Class Members' consumer information were fraudulent and therefore also violated the UCL.

82. Plaintiff and the Class Members suffered actual past injuries, including economic injuries, and will suffer future injuries as a direct and proximate result of Defendants' violations of the UCL.

83. Defendants were guilty of oppression, fraud and/or malice, in that Defendants acted and/or failed to act with a willful and conscious disregard of the rights of Plaintiff and the Class Members. Plaintiff and the Class Members therefore seek punitive damages on behalf of themselves and the Classes.

///

///

///

## EIGHTH CAUSE OF ACTION

## Violations of the California Consumer Records Act

## Cal. Civ. Code § 1798.80, *et seq.*

## (Against All Defendants)

84. Plaintiff incorporates all previous factual allegations as if fully set forth herein.

85. Defendants misconduct resulted in a "breach of the security system" of Defendants, within the meaning of Section 1798.82(g) of the California Consumer Records Act, Cal. Civ. Code § 1798.80, *et seq*.

86. Defendants lost Plaintiff and the Class Members' "personal information" within the meaning of Cal. Civ. Code § 1798.80 (e).

87. Among other misconduct, Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach of its systems holding Plaintiff and the Class Members' PII.

88. Defendants' unreasonably delayed informing Plaintiff and the Class Members about the breach of security of Plaintiff and the Class Members' confidential and non-public information after Defendants knew the data breach had occurred.

89. Defendants' failed to disclose to Plaintiff and the Class Members, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, PII when they knew or reasonably believed such information had been compromised.

90. Upon information and belief, no law enforcement agency instructed Defendants that notification to Class Members would impede investigation.

91. Plaintiff and the Class Members suffered actual past injuries, including economic injuries,, including economic injuries, and will suffer future

///

15
COMPLAINT AND DEMAND FOR JURY TRIAL

1  injuries as a direct and proximate result of Defendants' violations of Cal. Civ.
2  Code § 1798.80 *et seq*.
3      92.    Plaintiff, individually and on behalf of the Class, seeks all remedies
4  available under Cal. Civ. Code § 1798.84, including, but not limited to: (a)
5  damages suffered by Class Members as alleged above; (b) statutory damages for
6  Experian's willful, intentional, and/or reckless violation of Cal. Civ. Code §
7  1798.83; and (c) equitable relief.
8      93.    Plaintiff, individually and on behalf of the Class, also seeks
9  reasonable attorneys' fees and costs under Cal. Civ. Code § 1798.84(g).

## PRAYER FOR RELIEF

Wherefore, Plaintiff and the Class respectfully request the following and pray for judgment as follows:

1. For a declaration that this lawsuit may be properly maintained as a class action and certifying the Class claims herein;
2. For general damages according to proof;
3. For special damages according to proof;
4. For restitution in amounts according to proof;
5. For injunctive relief, including orders (1) compelling Defendants to institute appropriate data collection and safeguarding methods and policies with regard to consumer information; and (2) compelling Defendants to provide detailed and specific disclosure of what types of PII have been compromised as a result of the data breach;
6. For any other available penalties for each illegal or fraudulent business act or practice, including but not limited to those provided for violations of the FCRA and Cal. Civ. Code § 1798.84;
7. For costs and expenses of suit incurred herein, including investigative costs;

1  8. For attorneys' fees;
2  9. For punitive damages;
3  10. For prejudgment and postjudgment interest; and
4  11. Such other and further relief as is proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a jury trial for all issues so triable.

Dated: October 29, 2015          KASDAN LIPPSMITH WEBER TURNER LLP

By: _____
Graham B. LippSmith
Jaclyn L. Anderson
Attorneys for Plaintiff and the Class